UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x   Index No.:
YVONNE RICHARDS-BYERS,

                          Plaintiff,                                      VERIFIED
                                                                          COMPLAINT
    -against-

THE NEW YORK CITY DEPARTMENT
OF FINANCE and THE CITY OF
NEW YORK,                                                      Jury Trial
                                                                          Requested
                          Defendants.
-----------------------------------------------------------------x

       Plaintiff, Yvonne Richards-Byers, complaining of Defendants respectfully alleges as follows:

## INTRODUCTION

1. This is an action for retaliation for actions, protected under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., the Civil Rights Act of 1991 ("Title VII").

2. Plaintiff also seeks costs and attorneys' fees authorized by 42 U.S.C. §§ 2000e- 5(k).

## JURISDICTION

3. The jurisdiction of the Court over this controversy as to enforcement of the provisions of the Civil Rights Act of 1964 as amended is based upon 42 U.S.C. § 2000e-5(k).

## VENUE

4. The unlawful employment practices alleged below were committed within the Southern District of New York. Accordingly, venue lies within the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

## EXHAUSTION OF REMEDIES

5. Prior to filing this Complaint, Plaintiff timely filed a written charge under oath asserting retaliation under Title VII with the United States Equal Employment Opportunity Commission (the "EEOC"), which was assigned Charge No. 16G-2004-00240.

6. Plaintiff received a Notice of Rights to Sue letter, for the Defendants, The New York City Department of Finance ("NYCDOF") and The City of New York, from the EEOC dated September 2, 2005 (a copy is attached hereto as Exhibit A).

7. In conformance with 29 U.S.C. § 626(d), Plaintiff now files this Complaint within 90 days after the Plaintiff received the Notice of Right to Sue from the EEOC.

## PARTIES

8. Plaintiff is an African American female born on June 15, 1957. At all relevant times, the Plaintiff was an "employee" covered by Title VII.

9. Defendant NYCDOF is located at 345 Adams Street, Brooklyn, New York 11201. At all relevant times, NYCDOF was an "employer" within the meaning of Title VII.

10. Defendant City of New York is located at One Centre Street, Room 1200, New York, New York 10007-2341.

## STATEMENT OF FACTS

11. On or about September 1996, Plaintiff began her employment with the NYCDOF. Plaintiff's current title is Principle Administrative Associate.

1

12. On or about August 6, 2002, Plaintiff provided testimony at an EEO Hearing in support of her coworker, Tonia Hayes ("Hayes"), that filed a harassment claim against her supervisor, Michael King ("King").

13. Furthermore, Plaintiff had a conversation with King's supervisor, Peter Sammarco ("Sammarco"), concerning the harassment.

14. After Plaintiff provided testimony at the EEO in support of the harassment complaint, Plaintiff's work environment became hostile. For example, King no longer spoke to Plaintiff and would sneer at Plaintiff during his frequent visits to Plaintiff's coworker, Glendora Byer ("Byer"), who was located in the office directly in front of Plaintiff's desk. This made Plaintiff extremely uncomfortable.

15. Immediately after providing testimony at the EEO in support of Hayes's harassment claims, Plaintiff's job responsibilities were diminished. For example, Plaintiff no longer received absence control materials and was no longer allowed to work with the Absence Control Reports.

16. Soon after Plaintiff provided testimony against King, Byer began having extremely loud conversations with coworkers outside of her office and directly in front of Plaintiff's desk. These conversations usually occurred while Plaintiff was on the telephone or while Plaintiff was speaking to another coworker while sitting at her desk.

17. On about October 2002, Plaintiff complained to her supervisor, Harold Klinger ("Klinger"), regarding Byer's behavior and requested that her desk be relocated to an area that was not directly in front of Byer's office.

18. After Plaintiff complained, Byer's harassing behavior intensified. For example, she spoke even more loudly and began popping her bubble gum loudly all day

2

long while the door to her office was open. Upon information and belief, Byer did this to harass and intimidate Plaintiff because of Plaintiff's testimony against Byer's close friend, King.

19. On or about November 1, 2002, Plaintiff wrote an email to Michael Phillips ("Phillips") that complained of Byer's harassing behavior and also stated that Byer's behavior was interfering with Plaintiff's ability to concentrate during work.

20. On or about November 1, 2002, Plaintiff also verbally complained to Klinger and told him that she believed that she was being harassed due to her testimony against King, and again requested the relocation of her desk. On the same day, Plaintiff also wrote Byer's supervisor, Elizabeth Gacek ("Gacek"), an email regarding Byer's harassing behavior.

21. On or about November 21, 2002, Plaintiff complained to Lamond Kearse ("Kearse") in the Employee Disciplinary Unit regarding Byer's harassing behavior.

22. Upon information and belief, no corrective action was taken in response to Plaintiff's complaints.

23. On or about January 3, 2003, Plaintiff discovered that approximately Three Hundred Thousand forms that she was supposed to mail were missing from a cabinet. Plaintiff immediately informed Klinger. After his inquiry, Byer dubiously told Klinger that she threw out the forms because she was not sure who the forms belonged to.

24. On or about June 2003, Plaintiff also discovered that Plaintiff's and Klinger's Annual Leave Balance Statements were mysteriously missing.

25. In July of 2003, Plaintiff met with Special Investigator Kourosh Aliha, ("Aliha") in the Department of Investigation, and complained regarding the missing documents and that the personnel documents were not secure in the file room.

26. During the blackout in New York City on or about August 14, 2003, Byer was shining a floodlight into the staircase while employees were going down the staircase in order to exit the building. As Plaintiff began walking down the stairs, Byer turned off the floodlight which forced Plaintiff to walk down the stairs in complete darkness.

27. On or about August 22, 2003, Plaintiff was notified that she was going to be transferred to a new position despite the fact that she was opposed to such a transfer. This was an involuntary transfer and was a *de facto* demotion. Plaintiff no longer had flex time and no longer had access to email. Plaintiff was no longer permitted to utilize her clerical and software skills that she acquired through her twenty three years of employment for New York City. Most of Plaintiff's time was spent removing staples and clips from documents. Plaintiff was not permitted to examine documents online as often as her coworkers were permitted to examine documents online. In addition, Plaintiff was only given one day of training for her new position that she was entirely unfamiliar with.

28. On or about September 3, 2003, Plaintiff complained to Long regarding her retaliatory transfer. Long responded by telling Plaintiff to "get over it."

29. On or about November 26, 2003, Plaintiff had requested an early dismissal but was denied her request. However, Plaintiff's coworkers were allowed an early dismissal that same day.

30. On or about December 15, 2003, Plaintiff again complained to Long. Once again, Long refused to take Plaintiff's retaliation complaint.

31. On or about January 16, 2004, Plaintiff was informed by Annette Hill ("Hill") that she was going to be transferred again in two weeks.

32. Following Plaintiff's second involuntary transfer, Plaintiff was supervised by Laura Salamon ("Salamon"). Moreover, Salamon's civil service title was below Plaintiff's title.

33. Plaintiff was ordered to perform tasks including, but not limited to, stuffing envelopes despite Plaintiff's qualifications.

34. On or about December 6, 2004, Plaintiff was again involuntarily transferred to another clerical associate position.

35. Plaintiff was assigned to work out-of-title during each position she held following her first transfer.

36. On or about June 2, 2005, Plaintiff was again informed that she was going to be transferred and assigned to a Principle Administrative Associate position in Queens. Plaintiff objected to traveling to Queens everyday as this greatly increased her commute time.

37. The harassment and *de facto* demotions and reassignments has caused Plaintiff a great deal of anxiety and distress. Plaintiff is currently under treatment for anxiety and depression, amongst other conditions, and has been prescribed numerous medications for her conditions, including but not limited to Paxil.

38. Additionally, subsequent to Plaintiff's complaints concerning harassment, Plaintiff's applications to be promoted have all been denied despite Plaintiff exceeding a of the requirements.

39. As a direct and proximate consequence of Defendants' intentional and unlawful retaliatory and discriminatory employment policies and practices, Plaintiff has suffered loss of income, including past and future salary increases and fringe benefits, severe mental and emotional harm, and other nonpecuniary losses.

40. Defendants knew or should have known of the harassment and retaliation, and failed to take adequate measures to prevent or stop it.

41. Defendants engaged in a pattern and practice of discrimination by failing to prevent and promptly correct the discriminatory treatment.

## AS AND FOR THE FIRST CLAIM:
## RETALIATION IN VIOLATION OF TITLE VII
## AGAINST ALL DEFENDANTS

42. Plaintiff hereby realleges and incorporates by reference, as if fully set forth herein, paragraphs 1-41 above.

43. In violation of Title VII, Defendants retaliated against Plaintiff by subjecting her to unwarranted adverse actions in her employment.

44. The unlawful employment practices complained of above were intentional and were performed with malice and reckless indifference to the Plaintiff's federally protected rights.

45. As a proximate result of Defendants' acts and practices described above, Plaintiff suffered and endured, and will continue to suffer and endure, serious and possibly permanent emotional pain, suffering and anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, embarrassment, humiliation, and other damages.

46. Defendants are therefore liable to Plaintiff for compensatory damages, punitive damages, other affirmative relief, costs and attorneys' fees, in a sum to be awarded by Court and jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests judgment against the Defendants as follows:

1) On the First Claim, for retaliation in violation of Title VII, 42 U.S.C. § 2000e-2(a), against Defendants in a sum to be awarded by a Court and/or a jury for compensatory (including, but not limited to back pay, front pay and emotional distress) and punitive damages, costs and reasonable attorneys' and experts' fees;

2) For such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

The Plaintiff demands a jury trial of all issues properly triable by a jury.

Dated: September 27, 2005
New York, New York

Respectfully submitted,

_____
Vivek V. Gupta, Esq. (VG 9794)
STUMER WATSON, P.C.
*Attorneys for Plaintiff*
200 Park Avenue South, Suite 1511
New York, New York 10003
Telephone (212) 633-2225
Facsimile (212) 691-3642

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
YVONNE RICHARDS-BYERS,

                      Plaintiff,

       -against-

THE NEW YORK CITY DEPARTMENT
OF FINANCE and THE CITY OF
NEW YORK,

                    Defendants.
------------------------------------------------------------------x

Index No.:

VERIFICATION

STATE OF NEW YORK  )
                         ) ss.:
COUNTY OF NEW YORK )

      Yvonne Richards-Byers, being duly sworn, deposes and says:

           I am the plaintiff in the above-entitled action. I have read the forego[ing] Verified Complaint and know that all of the assertions set forth therein are true and within my personal knowledge, except as matters alleged on information and belief, as to those matters, I believe them to be true.

                                                         _____
                                                          Yvonne Richards-Byers

Sworn to before me this
__27__ day of September, 2005;

_____
Notary Public

MARK B. STUMER
Notary Public, State of New York
No. 02ST5044470
Qualified in New York County
Commission Expires May 30, 20_07_

EEOC Form 161 (3/98)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Yvonne Richards-Byers
130 Lenox Rd. Apt. F3
Brooklyn, NY 11226

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2004-00240 | Holly M. Woodyard, Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Spencer H. Lewis, Jr.,
Director

Enclosure(s)    (Date Mailed)

cc: THE CITY OF NEW YORK; NEW YORK CITY
Dept. of Finance
345 Adams Street
Brooklyn, NY 11201
Attn: Director of Human Resources